NOT DESIGNATED FOR PUBLICATION

Nos. 112,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

TRACY SHANE ROBERTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed November 6, 2015.
Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Barry K. Disney*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*: Tracy Shane Roberts was convicted of 30 counts of theft from his
employer and appeals the district court's decision to impose an upward dispositional
departure to prison resulting in the denial of his motion for probation. We find the district
court did not abuse its discretion by imposing an upward dispositional departure to prison
and denying Roberts' motion for probation. Finally, Roberts asks us not to follow
Supreme Court precedent in *State v. Carr*, 274 Kan. 442, 452, 53 P.3d 843 (2002), our
controlling caselaw on upward dispositional departures from probation to prison, and
*State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002), which controls and authorizes the use

1

of prior convictions to determine the appropriate sentencing range for the current crime of conviction. The district court correctly applied *Carr* and *Ivory* to determine Roberts' sentence. We affirm.

FACTS

On February 27, 2014, Roberts was charged with 30 counts of theft from the Flint Hills Area Builders Association (FABA), a severity level 9 nonperson felony. The thefts stemmed from Roberts' employment as the executive officer of FABA. On March 28, 2014, the State amended the information to reflect Roberts violated his fiduciary relationship with FABA, an aggravating factor. The State then filed a motion for an upward dispositional departure based on the breach of Roberts' fiduciary relationship.

Roberts entered into a plea agreement on August 5, 2014, in which he agreed to plead guilty or no contest to all counts. In addition, the plea agreement stated, in part:

> "2. Defendant agrees to admit or to not contest the allegation contained in the Amended Information that the offenses set forth in Counts I through 30 involved a fiduciary relationship which existed between the defendant Tracy Shane Roberts and the Flint Hills Area Builders Association.
> . . . .
> "4. The defendant acknowledges that by admitting to or not contesting the allegation regarding the existence of a fiduciary duty set forth in paragraph 2 that the sentencing judge could find substantial and compelling reasons exist to depart from the presumptive sentence of the guidelines.
> "5. The defendant understands that this agreement will allow the State to seek prison. The defendant understands that pursuant to this agreement he can argue against prison and can argue that the departure factor is not a substantial and compelling reason to depart. However, pursuant to the agreement he cannot contest the existence of the departure factor."

2

Prior to Roberts' sentencing, Roberts filed a sentencing memorandum and attached 15 letters from friends and family requesting Roberts be placed on probation instead of incarcerated. At sentencing, Patrick Schutter, past president of FABA, testified Roberts was FABA's executive officer, FABA placed a great deal of trust in Roberts, Roberts prepared the financial reports for the board, and FABA totally relied on Roberts' honesty. Schutter also testified that Roberts' thefts brought FABA very close to the brink of collapse.

The district court considered Roberts' sentencing memorandum, the attached letters, his statement, and Schutter's statements before sentencing Roberts. The district court also noted the thefts occurred over an extended period of time, and Roberts' prior convictions for crimes of dishonesty. Finally, the district court found the fiduciary relationship was an aggravating factor and sentenced Roberts to prison. The district court sentenced Roberts to 9 months' imprisonment on Count I and 7 months' imprisonment on Counts II and III—those 3 sentences running consecutive to each other. The district court also sentenced Roberts to 6-month sentences on Counts IV through XXX to run concurrent with the sentence in Count I. In total, Roberts received a 23-month prison sentence with a postrelease supervision period of 12 months. Subsequently, a nunc pro tunc journal entry was entered capping Roberts' prison sentences at 18 months pursuant to K.S.A. 2014 Supp. 21-6819(b)(4). Roberts timely appealed.

ANALYSIS

*Was the upward dispositional departure at sentencing an abuse of discretion?*

Appellate review of the district court's weighing of aggravating and mitigating factors in the context of a dispositional departure is for an abuse of discretion. *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293, *cert. denied* 134 S. Ct. 270 (2013). A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is

based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Unless the district court finds substantial and compelling reasons to depart from the presumptive sentence, a district court must impose the presumptive sentence provided by the guidelines. K.S.A. 2014 Supp. 21-6815(a). The district court must consider evidence received during the proceeding; the presentence report; written briefs and oral arguments of the State and the defendant; and any other relevant, trustworthy, and reliable evidence when determining whether the circumstances warrant departure. K.S.A. 2014 Supp. 21-6815(d). A fiduciary relationship with the victim is specifically listed as an aggravating factor when determining whether there is a substantial and compelling reason to depart. K.S.A. 2014 Supp. 21-6815(c)(2)(D). Similarly, a supportive family may be considered as a mitigating factor when determining whether there is a substantial and compelling reason to depart. See *State v. Murphy*, 270 Kan. 804, 808-09, 19 P.3d 80 (2001), *abrogated on other grounds by State v. Martin*, 285 Kan. 735, 175 P.3d 832 (2008). If the district court finds a substantial and compelling reason for departure, it must state the reason for the departure on the record.

Roberts argues the district court abused its discretion when it ignored the 15 letters of support from family, friends, and community members he attached to the sentencing memorandum. However, the district court did not ignore Roberts' letters of support; it reviewed the letters of support and took them into consideration. The district court also noted Roberts was being sentenced for 30 counts of theft which occurred over an extended period of time. The loss to FABA from those thefts as reflected in the restitution section of the sentencing journal entry exceeded $28,000. Further, the district court found Roberts was in a fiduciary relationship with his victim when the thefts occurred and stated it on the record. Reasonable people may disagree whether the love and support of a defendant's family and friends weighs more heavily than the breach of a fiduciary relationship with the victim. Here, the court did not abuse its discretion simply because it

4

weighed Roberts' violation of his fiduciary relationship with his victim more heavily than letters of support from Roberts' family and friends.

*Does* Apprendi *apply to an upward dispositional departure?*

This issue has long been resolved in Kansas, but Roberts also argues the Supreme Court's decision in *Carr* is wrong and asks us not to follow it. In 2002, the Kansas Supreme Court held that dispositional departures do not fall under the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), requiring any fact that increased a sentence beyond the statutory maximum be submitted to a jury and proved beyond a reasonable doubt. *Carr*, 274 Kan. at 452. *Carr* recognized that whether a person is placed on probation or sent to prison, there is no increase in the sentence, just a determination on how the individual's sentence will be supervised. See 274 Kan. 449. *Carr* held that an alternate disposition to prison neither increases nor decreases the sentence imposed by statute. See 274 Kan. at 452.

Roberts argues *Carr* is flawed and ripe for reconsideration. Absent a clear indication our Supreme Court is departing from its previous position, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). Since the Kansas Supreme Court has not indicated it is departing from its holding in *Carr*, dispositional departures do not fall under *Apprendi*. The evidence in this case presented a substantial and compelling reason—the violation of a fiduciary relationship—to dispositionally depart. The district court did not violate Roberts' Sixth and Fourteenth Amendment rights when it sentenced him to an upward dispositional departure without requiring the State to prove the facts supporting the departure to a jury beyond a reasonable doubt.

Apprendi *does not apply.*

Roberts also argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it used his prior convictions to enhance his sentence without proving those convictions to a jury beyond a reasonable doubt, contrary to the United States Supreme Court's guidance in *Apprendi*, 530 U.S. at 490. Roberts recognizes the Kansas Supreme Court rejected this argument in *Ivory*, 273 Kan. at 45-48, but includes the issue to preserve it for federal review. Because there is no indication the Kansas Supreme Court is departing from this position, this court is duty bound to follow precedent. *Ottinger*, 46 Kan. App. 2d at 655. The district court properly used Roberts' criminal history to establish his sentence.

Affirmed.